Lanzinger, J.,
concurring in judgment only.
{¶ 5} I concur in judgment only, but write separately because I believe that this case is best resolved by looking solely at the plain language of our constitution without relying on additional cases in support, as the majority does.
{¶ 6} The right to challenge legislation is specifically reserved to the people of this state in the Ohio Constitution. As can be seen in the briefs submitted in this matter, however, this court has been woefully inconsistent with regard to when an exception to the right of referendum applies. It is time to look carefully at the language of the Ohio Constitution itself.
{¶ 7} Section 1, Article II, Ohio Constitution, provides:
{¶ 8} “The legislative power of the state shall be vested in a General Assembly consisting of a senate and house of representatives but the people reserve to themselves the power to propose to the General Assembly laws and amendments to the constitution, and to adopt or reject the same at the polls on a referendum vote as hereinafter provided. They also reserve the power to adopt or reject any law, section of any law or any item in any law appropriating money passed by the General Assembly, except as hereinafter provided; and independent of the General Assembly to propose amendments to the constitution and to adopt or reject the same at the polls. The limitations expressed in the constitution, on the *242 power of the General Assembly to enact laws, shall be deemed limitations on the power of the people to enact laws.” (Emphasis added.)
{¶ 9} The right of referendum is more particularly described in Section lc, Article II, Ohio Constitution:
{¶ 10} “The second aforestated power reserved by the people is designated the referendum, and the signatures of six per centum of the electors shall be required upon a petition to order the submission to the electors of the state for their approval or rejection, of any law, section of any law or any item in any law appropriating money passed by the general assembly. No law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided. When a petition, signed by six per centum of the electors of the state and verified as herein provided, shall have been filed with the secretary of state within ninety days after any law shall have been filed by the governor in the office of the secretary of state, ordering that such law, section of such law or any item in such law appropriating money be submitted to the electors of the state for their approval or rejection, the secretary of state shall submit to the electors of the state for their approval or rejection such law, section or item, in the manner herein provided, at the next succeeding regular or general election in any year occurring subsequent to one hundred twenty-five days after the filing of such petition, and no such law, section or item shall go into effect until and unless approved by a majority of those voting upon the same. If, however, a referendum petition is filed against any such section or item, the remainder of the law shall not thereby be prevented or delayed from going into effect.” (Emphasis added.)
{¶ 11} Each section of an act, therefore, may have different effective dates.
{¶ 12} The right of referendum, however, is not without limitation. Section Id, Article II, Ohio Constitution states:
{¶ 13} “Laws providing for tax levies, appropriations for the current expenses of the state government and state institutions, and emergency laws necessary for the immediate preservation of the public peace, health or safety, shall go into immediate effect. Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the general assembly, and the reasons for such necessity shall be set forth in one section of the law, which section shall be passed only upon a yea and nay vote, upon a separate roll call thereon. The laws mentioned in this section shall not be subject to the referendum.”
{¶ 14} Thus, the general rule in Ohio is that the effective date for a law passed by the General Assembly is delayed for 90 days to allow the possibility of referendum. Exceptions to the general rule are emergency laws that require a *243 super-majority vote and laws providing for tax levies and appropriations for the current expenses of the state government. Because H.B. 319 does not contain a tax levy and was not passed as emergency legislation, the only way it may be characterized as exempt from the right of referendum is as an “appropriation} ] for the current expenses of the state government and state institutions.”
McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relators.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, David M. Lieberman, Deputy Solicitor, and Richard N. Coglianese, Assistant Attorney General, for respondent.
Michael DeWine, Attorney General; Baker & Hostetler, L.L.P., John H. Burtch, E. Mark Braden, and Robert J. Tucker, for intervening respondents, Ohio General Assembly, William G. Batchelder, and Thomas E. Niehaus.
{¶ 15} Respondents argue that the appropriation in section 4 of H.B. 319 is an appropriation for the current expenses of the state government and therefore that the act is not subject to referendum. If the appropriation is one for the current expenses of the state government, Section Id, Article II of the Ohio Constitution would exempt only section 4 of H.B. 319 from referendum. The other sections of H.B. 319 remain subject to referendum because Section lc, Article II, of the Ohio Constitution allows for the right of referendum of any “such law, section of such law or any item in such law appropriating money.” {¶ 16} I would also note that any law that attempts to limit the right of referendum beyond the restrictions provided for in Section Id, Article II, of the Ohio Constitution is expressly prohibited by Section lg, Article II, of the Ohio Constitution. (“The foregoing provisions of [initiative and referendum] shall be self-executing, except as herein otherwise provided. Laws may be passed to facilitate their operation, but in no way limiting or restricting either such provisions or the powers herein reserved.”)
{¶ 17} I would grant the writ of mandamus to compel the respondent Secretary of State Jon Husted to treat Sections 1 and 2 of H.B. 319 as subject to the constitutional right of referendum based solely on the language of the constitution.